IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOYCE A. H. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 16-535-N ) |
| NANCY A. BERRYHILL[1], Social Security Commissioner | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

In this action under 42 U.S.C. § 405(g) Plaintiff, Joyce Smith. ("Smith" or "Plaintiff") seeks judicial review of an adverse social security ruling denying a period of disability, disability insurance benefits, and supplemental security income. (Docs. 1, 13). With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (See Docs. 18, 19). Oral argument was heard on Thursday, May 11, 2017. After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

---

[1] Nancy A. Berryhill has replaced Carolyn Colvin and is now the acting Social Security Commissioner.

## PROCEDURAL BACKGROUND

Plaintiff protectively applied for a period of disability and disability insurance benefits on December 5, 2013. (Doc. 1 at 2; Doc. 13 at 1; Tr. at 16, 272-73). Plaintiff also protectively filed an application for supplemental security income on July 3, 2014, which Plaintiff states was escalated. (Doc. 13 at 1; Tr. 279-85).[2] In both applications, Plaintiff asserted a disability onset date of July 7, 2012. (Doc. 13 at 1; Tr. at 272-73, 279-85). Plaintiff's claims were denied on March 6, 2014. (Doc. 13 at 1; Tr. at 184-89). Plaintiff attended a hearing before an Administrative Law Judge ("ALJ") on May 14, 2015, and the ALJ rendered an unfavorable decision on June 22, 2015. (Doc. 13 at 1; Tr. at 13-24, 32-50).

At the time of the administrative hearing, Plaintiff was sixty one years old with a high school diploma[3], and previous work history as a phlebotomist and caregiver. (Doc. 13; Fact Sheet). Plaintiff alleges she is disabled due to depression. (*Id.*) On June 22, 2015, an ALJ denied benefits after determining that Plaintiff did not have a medically determinable impairment. (Tr. at 17). Plaintiff requested review of the hearing decision, but the Appeals Council denied the request on September 28, 2016. (Tr. at 1-7).

---

[2] Plaintiff's Complaint, the ALJ's decision, and Defendant's brief additionally cite to an application for supplemental security income filed on May 1, 2014. (Doc. 1 at 2; Tr. at 16; Doc. 15 at 1). The date of filing has no impact on the analysis herein.

[3] Plaintiff testified at the hearing that she only attended school until the age of fourteen. (Tr. at 35).

Plaintiff claims that the ALJ committed reversible error in failing to find that Plaintiff suffers from severe impairment of depression. (Doc. 13, generally). Defendant has responded to—and denies—these claims. (Doc. 15, generally).

## STANDARD OF REVIEW

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In

determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

## DISCUSSION

Plaintiff asserts that the ALJ erred by not finding her impairment of depression to be severe. (Doc. 13). Defendant contends the ALJ's findings were based on substantial evidence and were not erroneous. (Doc. 15, generally).

After determining that Plaintiff had not been gainfully employed during the relevant time period, the ALJ found that "[t]here are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (Tr. at 18) (citations omitted). In support of her argument that the ALJ erred in reaching his finding, Plaintiff points to multiple treatment notes for, among other things, depression from 2012 to

2015. More specifically, Plaintiff contends the following treatment notes establish that Plaintiff's depression was severe:

1) December 5, 2012- Plaintiff was diagnosed with hypertension and insomnia. (Tr. 574).

2) February 3, 2014- Plaintiff was noted as having increased appetite, on-going passive suicidal ideation, and sever feelings of depression. On this visit, Plaintiff presented as very depressed with slowed-down speech movements, her mood was sad, and her memory and concentration were noted as being impaired. (Tr. at 591-92).

3) February 26, 2014- Plaintiff underwent a consultative exam wherein the examiner, Dr. Formwalt, stated her insight, understanding of herself, and judgment was poor. (Tr. at 595).

4) April 21, 2014- Plaintiff presented with a blunted affect, poor appetite, poor sleep, suicidal thoughts, poor insight, poor judgment, and mild anxiety. (Tr. at 616).

5) May 5, 2014- Plaintiff was noted as having passive suicidal thoughts with auditory and visual hallucinations, impaired memory and concentration, poor insight, poor judgment, and moderate anxiety. (Tr. at 612-13).

6) June 4, 2014- Plaintiff was assessed as having irritable and angry mood, irritable affect and mild anxiety. (Tr. at 611).

7) July 2, 2014- Plaintiff was found to have a depressed affect, sad/depressed mood, auditory and visual hallucinations. Plaintiff was noted as being positive for suicidal ideation and depressive symptoms and Plaintiff's affect was noted as being depressed and restricted. (Tr. at 629-30).

8) October 21, 2014- Plaintiff was noted to have a flat affect. Suicidal thoughts, auditory and visual hallucinations, impaired memory and concentration, and mild anxiety. (Tr. at 623).

9) November 4, 2014- Plaintiff was diagnosed with atypical psychosis, dysthymic disorder, benign essential hypertension, and arthropathy. X-rays revealed mild degenerative change and

right lateral curvature of the mid-thoracic spine at the edge of the field-of-view. (Tr. at 631).

10) February 26, 2015- Plaintiff was noted as having psychomotor retardation, resistant cooperation, depressed and restricted affect, worried/anxious and sad/depressed mood, visual hallucinations, and poor insight. (Tr. at 640).

11) March 26, 2015- Plaintiff was diagnosed with benign essential hypertension, hypercholesterolemia, and arthropathy. (Tr. at 646).

(Doc. 13 at 3-4). Defendant asserts that the while Plaintiff "offers an alternative interpretation of the evidence and posits that it established severe depression […] Plaintiff's alternative interpretation, by itself, does not [and] cannot invalidate the ALJ's findings or the substantial evidence supporting it." (Doc. 15 at 6). To that end, Defendant points to the ALJ's proper reliance on the consultative exam of Dr. Formwalt of February 26, 2014, wherein after performing an exam of Plaintiff and reviewing her medical records, Dr. Formwalt opined that Plaintiff was seen as "intentionally malingering". (Doc. 15 at 6; Tr. at 593-95). Defendant also points out that over the "relevant period of time, no physician or psychologist opined that Plaintiff had any persistent functional limitations at all." (Doc. 15 at 5). Defendant also asserts that the ALJ's determination was not in error because multiple medical records show that Plaintiff was non-compliant with her mental health medications, despite her complaints of disabling symptoms. (Doc. 15 at 5; Tr. at 612, 640).

The claimant bears the burden of showing that she has a severe

7

impairment or combination of impairments that may qualify as a disability. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986). While that burden is "mild," *id.*, proof of the mere existence of impairments does not prove the extent to which they limit a claimant's ability to work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir.1986). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *See also* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities"); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("The 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality"); and Social Security Ruling 96-3p ("evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities").

In reaching his determination, the ALJ stated he considered Plaintiff's testimony at the hearing that she has no energy, no money to pay for medication, owes money to Alta Pointe, does not know how long she can

8

stand walk, sit, or lift, she can climb a few steps and reach overhead sometimes, and does not take her medications, as she should. (Tr. at 19). The ALJ also considered the medical evidence which showed that Plaintiff had presented to various doctors for treatment of various complaints and that she was treated with medications that appeared to control her complaints, but that there was an issue with non-compliance. (*Id.*) The ALJ further stated as follows:

> The Administrative Law Judge considered the records from Alta Pointe where claimant received sporadic treatment for her alleged depression. Treatment notes indicate that claimant stated she was frustrated because she could not get government assistance even though she had been in the workplace for 30 years. She continued to vent her frustration about people that never work but get benefits. She did requests the therapist to write down the dates she attended therapy, because her attorney needed to know the dates she came to appointments. Her therapist stated the claimant would need to keep her own records if need be. The evidence reveals the claimant became even more irritated and left. The evidence reveals the claimant was discharged from the program on occasion. On May 5, 2014, the claimant was noted tot [sic] seem overly sedated that day. The therapist noted she was noncompliant with medications. On October 21, 2014, the therapist again noted the claimant seemed overly sedated (Exhibits B-7F, B-8F, and B-10F).
>
> The Administrative Law Judge assigns substantial weight to the report from Dr. Formwalt, Psy.D. who evaluated the claimant on February 26, 2014 at the request of the Social Security Administration. Dr. Formwalt noted the claimant acted as if she were responding to some internal stimuli. He noted those behaviors were typically observed when he was asking a question. He noted the claimant made sounds to indicate she was crying but had no visible tears emerge. He noted she was unable to subtract, count backwards, work arithmetic problems or spell simple words. The claimant denied knowing what she did the day before the evaluation. Dr. Formwalt found the claimant appeared to be feigning psychotic symptoms.
>
> She acted as if she was experiencing visual hallucination and

acted confused when asked simple questions. He found evidence of intentionally malingering. He noted that when she was told the evaluation was over and she could leave, she promptly arose from the chair, gathered her belongings and appeared well oriented as she walked down the hallway and into the waiting room (Exhibit B-5F).

    The Administrative Law Judge recognizes that the claimant has complaints of significant physical and mental problems, but he finds it extremely significant that she has not submitted any medical evidence in support of her claim. He notes that the records he reviewed clearly indicate her symptoms are controlled as long as she is compliant. He notes that on more than one occasion, notation has been made about her noncompliance. The Administrative Law Judge notes that the claimant was discharged from Altapointe [sic] several times due to noncompliance. The evidence clearly indicated that claimant has avenues to get treatment for her alleged complaints, but she does not avail herself to those opportunities.

    Accordingly, there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.

(Tr. at 19-20).

Plaintiff does not contend that the ALJ improperly relied on the medical opinion of Dr. Formwalt and does not dispute the various medical records relied on by the ALJ which showed Plaintiff's non-compliance with her medication. Moreover, the medical evidence of record does not contain, as pointed out by the ALJ, any "medical signs or laboratory findings" to substantiate that Plaintiff's depression was a "medically determinable impairment." (Tr. at 20). While the medical record as a whole shows a history of depressive symptoms, the majority of the noted symptoms have been subjective complaints by Plaintiff. Moreover, Plaintiff has not met her burden of showing that her alleged depression would interfere with her ability to work.

The ALJ properly articulated his reasons for not finding Plaintiff's depression to be severe impairment, that is, he considered her testimony, the medical records which failed to establish a medically determinable impairment, and the opinion of a consultative examiner who opined Plaintiff was intentionally malingering. (Tr. at 19-20). As a result, the undersigned finds that despite the medical records, which showed Plaintiff's complaints of depression, there was substantial evidence on which the ALJ relied in determining that Plaintiff's depression was not severe. Accordingly, the ALJ did not err.

## CONCLUSION

Plaintiff has raised one claim in bringing this action and the same is without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMMISSED**. Judgment will be entered by separate Order.

DONE this 19th day of May 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**